UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TABATHA BLANKENSHIP SHUSTER, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:09-CV-306 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| LARRY DAVID SHUSTER, GALEN ) | |
| MEDICAL GROUP, P.C., and GALEN ) | |
| MEDICAL GROUP EMPLOYEES ) | |
| RETIREMENT SAVINGS PLAN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion to dismiss filed by Galen Medical Group, P.C. ("Galen") and the Galen Medical Group Employees Retirement Savings Plan (the "Plan")(Court File No. 5) and an accompanying memorandum (Court File No. 6). Defendant Larry David Shuster ("Spouse") later joined in this motion to dismiss (Court File No. 7) with his own supporting memorandum (Court File No. 8). Plaintiff Tabatha Blankenship Shuster ("Plaintiff") filed a combined response to these motions (Court File No. 9) and Defendants Galen and the Plan replied (Court File No. 11). Having considered these filings, the Court concludes Plaintiff fails to state a claim under 29 U.S.C. § 1132(a)(1)(B), a remand of the remaining state law claims is appropriate, and will, therefore, **GRANT** Galen and the Plan's motion to dismiss (Court File No. 5) and **DENY AS MOOT** Spouse's motion to dismiss (Court File No. 7).

### I. FACTS

This case arises from the distribution of funds by Galen and the Plan pursuant to the terms

of Plaintiff and Spouse's divorce.[1]  Plaintiff is the former wife of Spouse, a partner/employee of Galen, the plan administrator for the Plan.  Spouse has a 401K retirement savings account with the Plan, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA").  Plaintiff and Spouse were divorced on May 6, 2008, with a Final Decree of Divorce entered by Judge L. Marie Williams in the Circuit Court for Hamilton County, Tennessee ("Circuit Court") (Court File No. 1-1("Divorce Decree")).  Under the terms of the Marital Dissolution Agreement ("MDA"), Plaintiff was to "receive $172,500 from [Spouse]'s 401K to be transferred by means of a Qualified Domestic Relations Order" (Court File No. 1-2 ("MDA")).

A Qualified Domestic Relations Order ("QDRO") was entered by the Circuit Court on September 26, 2008 (Court File No. 1-3 ("QDRO")).  Under the terms of the QDRO, the Plaintiff's interest in the Plan was $172,500 of Spouse's assets as of the valuation date of May 6, 2008 (¶¶ 4, 1(e)). This interest in the Plan was payable "as soon as administratively feasible following the date that the Order is determined to be a QDRO" and the amount to be distributed to Plaintiff was "the value of the [Plaintiff's] account on the date the distribution is processed" (¶ 5). In the event there were "insufficient funds in the standard Program investment options in the [Spouse]'s account balance to satisfy the [Plaintiff]'s award, the [Spouse was] hereby ORDERED to transfer, immediately, sufficient funds from the self-directed brokerage account to the standard Program investment options to satisfy the [Plaintiff]'s award" (¶ 6).  Finally, Plaintiff's award was "entitled to earnings (dividends, interest, gain and losses) from the Valuation Date to the date that the award

---

[1]Facts are taken directly from Plaintiff's complaint (Court File No. 1 ("Complaint")) and the attached exhibits. The Court's consideration of documents attached to the complaint and central to Plaintiff's claim do not convert the motion into one for summary judgment. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

is segregated from the [Spouse]'s account" (¶ 8).

Following the entry of the QDRO, Plaintiff made repeated requests to segregate the funds from Spouse's account and to distribute her portion (Complaint at ¶ 8). On April 17, 2009, Plaintiff received a check in the amount of $101,258.82 issued by the Plan through the agency responsible for holding the investments (*id.* at ¶ 9). Plaintiff brings this action under 29 U.S.C. § 1132(a)(1)(B), claiming she is entitled to damages for Galen's failure to properly pay over the benefits due under the QDRO. Plaintiff also asserts state law claims against Spouse for breach of the MDA and QDRO, and contends Spouse's assets under the Plan should be considered in satisfying the deficiency in the amount owed Plaintiff from the Plan.

## II.  STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are

insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. DISCUSSION

Defendants Galen and the Plan argue Plaintiff fails to state a claim for which relief can be granted because the funds from the Plan were disbursed according to the terms of the QDRO and in accordance with 29 U.S.C. § 1056(d)(3)(H)(ii)-(iv) and 26 U.S.C. § 414(p)(7). As an additional grounds for dismissal, these defendants contend this issue was litigated previously in the Hamilton County Circuit Court. Defendant Spouse joins in these arguments and also argues Plaintiff fails to establish any grounds for holding Spouse liable for the Plan's distribution of a decreased amount. The Court concludes Plaintiff has failed to state a claim for which relief can be granted against Galen and the Plan under ERISA and determines Plaintiff's remaining claims relate to the enforcement of the QDRO and MDA and should be handled in state court.

    **A.**     **Failure to State a Claim under 29 U.S.C. § 1132(a)(1)(B)**

Plaintiff seeks to impose liability on Galen and the Plan for failure to properly pay the full $ 172,500 as ordered by the QDRO and MDA (Complaint at ¶ 10). Construing the facts in the light most favorable to the Plaintiff, the QDRO never specifically indicated Plaintiff was entitled to $172,500, but rather Plaintiff was entitled to the value of her account on the date the distribution was processed. Plaintiff has not alleged she received less than the value of the account on the date of

distribution, but merely insists she should have received the distribution earlier. The Court disagrees, finding Plaintiff's arguments are in conflict with the plain language of the QDRO and the relevant provisions of ERISA.

Under 29 U.S.C. § 1056(d)(1), benefits under a pension plan shall not be assigned or alienated. However, Congress amended this section to allow for an exception to the prohibition on alienation and assignment "if the order is determined to be a qualified domestic relations order." § 1056(d)(3)(A); *see Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 419 (6th Cir. 1997). Further, "[e]ach pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order." 29 U.S.C. § 1056(d)(3)(A). Among the many requirements for designation as a domestic relations order is that such order must clearly specify "the amount or percentage of the participant's benefits to be paid by the plan . . . or the manner in which such amount or percentage is to be determined." § 1056(d)(3)(C)(ii).

Here, Plaintiff's interest in the account was $172,500, however the distribution was to occur "as soon as administratively feasible following the date the Order is determined to be a QDRO." The amount to be distributed was the value of Plaintiff's account "on the date the distribution was processed." The QDRO allocated the risk of loss of value to Plaintiff in Paragraph 8, clearly stating the amount to be distributed was subject to "dividends, interest, gains and losses" from the Valuation Date of May 6, 2008, until the award is segregated. Thus, under the terms of the QDRO, Plaintiff fails to allege facts to support a claim under 29 U.S.C. § 1132 for the full $172,500 from the Plan or Galen. *See Julia v. Bridgestone/Firestone, Inc.,* 101 F. App'x 27, 33 (6th Cir. 2004) ("Federal courts have jurisdiction of actions against ERISA plans and administrators to determine the meaning of the terms of a QDRO").

Based on the plain language of the QDRO, Plaintiff had an interest in the Plan of $172,500 as of the May 6, 2008, valuation date, but was only entitled to the value of the account on the date her distribution was processed. Plaintiff does not allege facts to support the amount received on April 17, 2009, was not the value of her account and therefore fails to state a claim against Galen and the Plan for denial of benefits ordered under the QDRO.

Plaintiff also fails to state a claim against the Plan or Galen based on their alleged delay in distribution of the account. The Hamilton County Circuit Court entered the Qualified Domestic Relations Order on September 26, 2008, indicating "following approval by the Program Administrator, this Order shall constitute a Qualified Domestic Relations Order" (QDRO p. 1). Under ERISA, a plan administrator is allotted eighteen months during which to make the determination on whether the order qualified as a QDRO and to pay the segregated amounts to which Plaintiff was entitled. 29 U.S.C. § 1056(3)(G)-(H); 26 U.S.C. § 414(p)(6)-(7). In this case, Plaintiff received her distribution on April 17, 2009, well within the eighteen months authorized under ERISA.

Accordingly, Plan and Galen's motion to dismiss Plaintiff's claim for damages under 29 U.S.C. § 1132(a)(1)(B), will be **GRANTED**.

### B. Prior Adjudication in State Court

As an alternative basis for dismissal, Defendants Plan and Galen argue Plaintiff's claims for additional amounts owed from Galen and the Plan were previously adjudicated by the Circuit Court of Hamilton County and should be dismissed based on issue preclusion. In support of this argument, Defendants attach the Circuit Court's Order denying Plaintiff's motion to alter or amend the QDRO which simply states: "After hearing argument of counsel, this Court finds that said Motion is not

6

well taken and should be overruled" (Court File No. 5-3). Defendants also attach a subpoena duces tecum served by Plaintiff's counsel requesting records of Galen related to the retirement accounts at issue and an affidavit attesting to service (Court File Nos. 5-1, 5-2). These documents are insufficient to apprise the Court of the nature of the litigation in state court and cannot support a motion to dismiss. Since the Court will dismiss the claims based on Plaintiff's failure to state a claim under ERISA, the Court will not determine this issue.

### C. Remaining State Claims

The remainder of Plaintiff's claims are against Defendant Spouse for breach of contract for alleged violations of the MDA, the Final Divorce Decree, and the QDRO. Under 28 U.S.C. § 1367(c)(3), a court has discretion to dismiss claims supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Because the Court is dismissing the ERISA claim, the only claim for which the Court has original jurisdiction, the Court must now assess whether it should continue to exercise supplemental jurisdiction over the state claims.

At every stage in litigation, the court should weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 483 U.S. 343, 350 (1988). In this case, all jurisdiction conferring claims will be eliminated prior to trial, thus the factors tend to weigh in favor of dismissal. *Id.* n.7; *see also Thurman v. DaimlerChrysler*, 397 F.3d 352, 359 (6th Cir. 2004) ("We have previously held that when all federal claims have been dismissed before trial, the best course is to remand the state law claims") (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

The Court concludes dismissal of the state claims is especially warranted when matters

7

concern the enforcement of a QDRO over which the Circuit Court expressly retained jurisdiction (QDRO p. 5, ¶ 16). As these claims concern domestic relations, dismissal is even more appropriate as "a suit whose substance is domestic relations generally will not be entertained in federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

Accordingly, Plaintiff's remaining state law claims will be **REMANDED** to the Circuit Court of Hamilton County, Tennessee.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's complaint fails to state a claim under 29 U.S.C. §1132(a)(1)(B). Because the Court concludes Plaintiff fails to state a claim for which relief can be granted under ERISA, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Galen and the Plan's motion to dismiss will be **GRANTED** (Court File No. 5), the remaining claims will be **REMANDED** to the Circuit Court for Hamilton County and Defendant Spouse's motions to dismiss (Court File No. 7) is **DENIED AS MOOT**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**